IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROY L. JONES and PATRICIA JONES, | § § § § | |
| Plaintiffs | § § § | |
| v. | § § § | Civil Action No. _____ |
| AVOCET ENTERPRISES, INC., ET AL. | § § § | |
| Defendants. | § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. COMES NOW Roy L. Jones and Patricia Jones, hereinafter referred to as Plaintiffs.

### I.
### Parties and Service

2. Plaintiff **ROY L. JONES** is a citizen and resident of Texas.

3. Plaintiffs **PATRICIA JONES** is a citizen and resident of Texas.

*Manufacturer Defendants:*

4. Defendant, **AVOCET ENTERPRISES, INC.** is a foreign corporation with its headquarters and principal place of business in Georgia and has at all times relevant to this litigation conducted business in the State of Texas but does not maintain a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at: 907 N. Crossing Way, Decatur, Georgia 30033.

5. Defendant, **BIRD INCORPORATED** is a foreign corporation with its headquarters and principal place of business in Massachusetts and has at all times relevant to this litigation conducted business in the State of Texas but does not maintain a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at: 1077 Pleasant Street, Norwood, Massachusetts 02062.

6. Defendant **CARRIER COPORATION** is a Delaware corporation with its headquarters and principal place of business in Connecticut and has at all times relevant to this litigation conducted business in the State of Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

7. Defendant **CERTAINTEED CORPORATION** is a Delaware corporation with its headquarters and principal place of business in Pennsylvania and has at all times relevant to this litigation conducted business in the State of Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

8. Defendant **DURO DYNE COPORATION** is a foreign corporation with its headquarters and principal place of business in New York and has at all times relevant to this litigation conducted business in the State of Texas but does not maintain a registered agent for service of process in this State. Therefore, it is hereby requested that service of citation be issued and that this defendant be served by serving the Secretary of State of the State of Texas who shall then forward a copy to the home office at: 81 Spence St., Bay Shore, NY 11706.

9. Defendant **GENERAL ELECTRIC COMPANY** is a New York corporation with its headquarters and principal place of business in New York. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

10. Defendant **GEORGIA-PACIFIC, LLC** (sued individually and as successor-in-interest to BESTWALL GYPSUM COMPANY) is a Delaware corporation with its headquarters and principal place of business in Georgia. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

11. Defendant **INGERSOLL-RAND COMPANY** (*sued individually and as successor-in-interest to* TERRY STEAM TURBINE COMPANY) is a New Jersey corporation with its headquarters and principal place of business in Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

12. Defendant **KELLY-MOORE PAINT COMPANY, INC** is a California corporation with its headquarters and principal place of business in California. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, Patricia K. Andrews, 1717 W. 6th St., Suite 250, Austin, TX 78703.

13. Defendant **RILEY POWER, INC.** (*sued individually and as successor-in-interest to* RILEY STOKER CORPORATION) is a Massachusetts corporation with its headquarters and principal place of business in Massachusetts. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT

Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

14.     Defendant **SEARS, ROEBUCK AND CO.** (*sued individually and d/b/a* HOMART) is a New York corporation with its headquarters and principal place of business in Illinois. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

15.     Defendant, **TRANE US, INC.** (*sued individually and as successor-in-interest to* AMERICAN STANDARD, INC.) is a Delaware corporation with its headquarters and principal place of business in Wisconsin and has at all times relevant to this litigation conducted business in the State of Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

16.     Defendant **UNION CARBIDE CORPORATION** is a New York corporation with its headquarters and principal place of business in Michigan. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

17.     Defendant **VIACOM INC**., (*sued Individually and d/b/a* CBS CORPORATION *and as successor-in-interest to* WESTINGHOUSE ELECTRIC CORPORATION *and* BE STURTEVANT) is a Delaware corporation with its headquarters and principal place of business in New York. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

*Premises Defendants:*

18. Defendant **THE GOODYEAR TIRE & RUBBER COMPANY** is an Ohio corporation with its headquarters and principal place of business in Ohio and has at all times relevant to this litigation conducted business in the State of Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

19. Defendant **SHELL CHEMICAL, LP** is a Delaware corporation with its headquarters and principal place of business in Texas and has at all times relevant to this litigation conducted business in the State of Texas. It is hereby requested that service of citation be issued and that this defendant be served by serving its registered agent for service in State of Texas, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II.
## Jurisdiction and Venue

20. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs.

21. Venue is proper in this matter pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to this claim occurred in Houston Division of the Southern District of Texas.

## III.
## Summary of Facts

22. Plaintiff, Roy L. Jones has been diagnosed with lung cancer and underlying asbestosis. Plaintiffs would show that Roy L. Jones worked for various employers in and around

Harris County, Texas, including facilities owned and operated by Defendants, Shell and Goodyear, from approximately 1963 until 2003

23. Roy L. Jones was exposed asbestos dust and/or fibers while working at facilities owned and operated by Shell and Goodyear (among others) prior to 1980. He was exposed to asbestos dust and/or fibers from asbestos-containing products and equipment manufactured, marketed, sold, or otherwise placed into the stream of commerce by the manufacturer defendants listed above. Employees of Shell and Goodyear also exposed Mr. Jones to asbestos dust and/or fibers during his employment. Additionally, Mr. Jones was exposed to asbestos duct and/or fibers during his employment at other jobsites in and around Harris County, Texas between 1963 and 2003. As a result of his exposure to asbestos dust and/or fibers, Mr. Jones contracted asbestos-related lung cancer, which has, among other injuries, resulted in the necessity of Mr. Jones undergoing a lung transplant.

## IV.
## Negligence and Gross Negligence

### *(All Defendants)*

24. Defendants are liable in their capacity as employers, manufacturers, distributors, general contractors, subcontractors, premise owners, premise operators, suppliers, as entities that retained the right to control or exercised control over Roy L. Jones, and/or creators of dangerous conditions.

25. Defendants were aware, or should have been aware, of the dangers associated with exposures to asbestos at the premises where Plaintiff, Roy L. Jones worked. Nevertheless, Defendants failed to warn employees, invitees, contractors, and users of products and equipment of the dangers associated with occupational exposure to asbestos and required employees,

contractors and/or invitees such as Roy L. Jones to work with or in proximity to asbestos without the necessary precautions to avoid dangerous exposures.

26. The above-described acts or omissions of Defendants, acting through their agents, employees, and/or representatives, constitute gross negligence. Defendants' acts, when viewed objectively from the Defendants' standpoint at the time the acts were committed, involved an extreme degree of risk, considering the probability and magnitude of the harm to Mr. Roy L. Jones. In addition, Defendants had actual subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, welfare, and safety of Mr. Roy L. Jones.

27. The injuries and damages Mr. Roy L. Jones were directly and proximately caused by the following acts and/or omissions of the Defendants constituting negligence, gross negligence, gross neglect and/or malice, including but not limited to the following:

   a. Defendants knew that the products they utilized and/or distributed were deleterious, poisonous, carcinogenic, and highly harmful to the Plaintiff's body, and health; not withstanding which, Defendants failed to take any precautions or to warn Plaintiff of the dangers and harm to which he was exposed while handling these products;

   b. Defendants knew that products used by or in proximity to Mr. Roy L. Jones were carcinogenic, deleterious, and highly harmful to his body and health and that Mr. Roy L. Jones would not have known of such dangerous properties; notwithstanding which, the Defendants failed to provide the Plaintiff with sufficient knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect him from being damaged by exposure to such products.

   c. Defendants knew that the products used by or in proximity to Mr. Roy L. Jones contained carcinogenic and highly harmful substances to the human body and health; notwithstanding which, the Defendants failed to take any precautions or to exercise care by placing any warnings or cautions on the containers of such products or the products themselves to warn the handlers thereof of the dangers to health in coming into contact with these products.

   d. The Defendants knew that the products used by or in proximity to Mr. Roy L. Jones contained deleterious and carcinogenic substances; notwithstanding which, the Defendants failed to take reasonable care to warn the Plaintiff of said danger and/or to instruct Plaintiff in the proper handling of said products or to take proper

7

      precautions or exercise care to protect Plaintiff from harm and failed to timely adopt and enforce a safety plan and method of handling products.

e.    Defendants created dangerous conditions on their premises;

f.    Defendants failed to keep their premises in a reasonably safe condition;

g.    Defendants failed to give adequate warnings of the dangerous conditions on their premises;

h.    Defendants failed to protect invitees, such as Plaintiff, from the hazards associated with exposure to asbestos.

i.    Failing to properly exercise the right to control;

j.    Committing acts or omissions while having a right to control;

k.    Failing to provide a safe place to work;

l.    Failing to provide adequate safety equipment;

m.    Failing to provide safety equipment;

n.    Failing to monitor asbestos levels in the workplace;

o.    Failing to warn of the dangers associated with their products; and/or

p.    Such other acts or omissions of negligence, gross negligence and/or malice that may be proven at trial.

WHEREFORE, Plaintiffs pray judgment against Defendants in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## V.
## Strict Liability/Failure to Warn

### *(Manufacturer Defendants)*

28.    Plaintiffs incorporate herein each allegation set forth above.

29.    Manufacturer Defendants as defined herein manufactured, maintained, and/or sold asbestos-containing products and/or equipment present at Plaintiff's worksites.

30. Manufacturer Defendants owed a duty to users of their products, breached that duty, and were negligent and failed to use reasonable care, in that they failed to adequately warn of the presence of asbestos in their products and equipment and failed to adequately warn of the harm associated with exposure to asbestos.

31. As a direct and proximate result of the negligence of Defendants, Roy L. Jones was exposed to dangerous levels of asbestos, and developed lung cancer. Roy L. Jones sustained damages, including: past and future medical expenses, pain and suffering, and all other applicable damages.

32. As a direct and proximate result of the negligence of Defendants, the Plaintiff Patricia Jones, wife of Roy L. Jones, has suffered the loss of the society, consortium, companionship, love, affection, support, and care of her husband.

WHEREFORE, Plaintiffs pray judgment against Defendants in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## VI.
## Strict Liability/Defective Design

*(Manufacturer Defendants)*

33~~49~~. Plaintiffs incorporate herein each allegation set forth above.

34. Manufacturer Defendants as defined herein manufactured, maintained, and/or sold asbestos-containing products and/or equipment present at Plaintiff's worksites.

35~~1~~. The asbestos-containing products and/or equipment were defectively designed and unreasonably dangerous at the time they were sold, in that they contained asbestos.

36. As a direct and proximate result of the negligence of Defendants, Roy L. Jones was exposed to dangerous levels of asbestos, and developed lung cancer.  Roy L. Jones sustained

damages, including: past and future medical expenses, pain and suffering, and all other applicable damages.

37. As a direct and proximate result of the negligence of Defendants, the Plaintiff Patricia Jones, wife of Roy L. Jones, has suffered the loss of the society, consortium, companionship, love, affection, support, and care of her husband.

WHEREFORE, Plaintiffs pray judgment against Defendants in a fair and reasonable amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), together with costs herein expended, and for any further relief this Court deems just and proper.

## VII.
### Damages

38. Plaintiffs seek all elements of damages for acts and/or omissions constituting negligence, gross negligence, gross neglect, and/or malice. The elements of damages sought by Plaintiffs, in the past and in the future, permitted under the law from the Defendants including, but are not limited to, claims for Plaintiffs' medical and/or hospitalization care, mental anguish, pain and suffering, personal injuries, torment, loss of earnings, lost earning capacity, loss of support, loss of companionship, loss of consortium, physical impairment, disfigurement, loss of household services, and all said damages in an amount that Plaintiffs would show that they are entitled to at the time of trial.

39. Plaintiff Patricia Jones also seeks past and future damages for loss of consortium, and loss of household services, as provided by the laws of this State.

40. Plaintiffs also seek punitive or exemplary damages in an amount within the discretion of the court sufficient to deter and punish Defendants. Finally, Plaintiffs assert a claim for costs of court and pre-judgment and post-judgment interest allowed under Texas law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that upon final trial the Plaintiffs have judgment against the Defendants and recover damages from the Defendants, in the total sum of their damages, actual and exemplary, in an amount greatly in excess of the minimal jurisdictional limits of the Court, plus costs of court, pre-judgment and post-judgment interest allowed by Texas law, and for such other and further relief, general and special, legal and equitable, to which the Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**JAMES C. FERRELL, PC**

/s/ Bradlyn J. Cole
James C. Ferrell
Fed. ID No. 181310
Bradlyn J. Cole
Fed. ID No. 1513750
4119 Montrose Boulevard
Suite 400
Houston, Texas 77006
Telephone: (713) 654-7799
Facsimile: (713) 654-7814

ATTORNEYS FOR PLAINTIFFS